IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT DALE PUCKETT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-05-226-E-LMB |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| RICK L. BOLLAR, MARK A. ) | |
| INGRAM, NICOLE CANNON, ALAN ) | |
| GOODMAN, WILLIAM J. HART, ) | |
| EDWARD R. PEMBLE, FREDERICK ) | |
| C. LYON, and JOHN M. MELANSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are the following Motions: State of Idaho Defendants'[1] Motion to Dismiss (Docket No. 3); Plaintiff's Motion for General Denial of Counterclaim (Docket No. 6); Plaintiff's Motion to Disqualify Judge (Docket No. 7); Plaintiff's Motion for Request for Admission of Facts and Genuineness of Documents (Docket No. 10); Plaintiff's Motion of Disqualified Officer (Docket No. 11); Minidoka County Defendants'[2] Motion to Dismiss (Docket No. 12); Plaintiff's Motion for Hearing (Docket

---

[1] State of Idaho Defendants are the Honorable Rick L. Bollar, the Honorable Mark A. Ingram, the Honorable William J. Hart (deceased), the Honorable John M. Melanson, Edward R. Pemble, and Frederick C. Lyon.

[2] Minidoka County Defendants are Nicole Cannon and Alan Goodman.

**MEMORANDUM DECISION AND ORDER - 1**

No. 14); Plaintiff's Notice to Amend Complaint (Docket No. 16); Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 17); and Plaintiff's Motion for Summary Judgment (Docket No. 18).

All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs, and record without oral argument. D. Id. L. Civ. R. 7.1(b). Accordingly, the Court enters the following Memorandum Decision and Order.

## I.

## BACKGROUND

Plaintiff filed the Complaint in this instant action against the above-named state and county Defendants alleging that they violated his civil rights from 1997 through 2005. (Docket No. 1). Presumably, Plaintiff is bringing this action pursuant to 42 U.S.C. § 1983, the civil rights statute. The Complaint is completely devoid of any facts identifying specific allegedly wrongful conduct. However, Plaintiff does cite, with no explanation as to their applicability, several Idaho statutes pertaining to offering forged or fraudulent documents into evidence (Idaho Code § 18-2601), preparing false evidence (Idaho Code § 18-2601), and official neglect or malfeasance (Idaho Code § 18-2301).

**MEMORANDUM DECISION AND ORDER - 2**

The State Defendants and the Minidoka County Defendants each moved to dismiss the Complaint on the grounds of failure to state a claim. The Court sent to the Plaintiff the required Notice to Pro Se Litigants after each Motion to Dismiss was filed advising Plaintiff that a failure to respond to the motions within twenty-one (21) days would constitute consent to the Court granting the motions. *See* Docket Nos. 4 and 13.

Plaintiff responded to the State Defendants' Motion to Dismiss with seven filings, most of which were incomprehensible. *See* Docket Nos. 5 through 11. He responded to Minidoka County Defendants' Motion to Dismiss with a Motion for Hearing, Motion to File an Amended Complaint, and a Motion for Summary Judgment. *See* Docket Nos. 14 through 18.

As further background, the Court notes that Plaintiff is no stranger to this Court. He has filed several other lawsuits against judges and government officials which have been dismissed; namely, Puckett v. Shalala, et al., Case No. CV-94-533-S-BLW (claims against federal defendants barred by res judicata and against state defendants by 11th amendment immunity); Puckett v. Secretary of Health and Human Services, et al., Case No. CV-96-446-S-BLW (summary judgment in favor of defendants on claims nearly identical to 1994 claims; sanctions imposed against plaintiff); Puckett v. U.S. Supreme Court, et al., Case No. CV-99-265-S-EJL (absolute judicial immunity); Puckett v. State of Idaho, et al., CV-00-426-E-BLW (qualified, prosecutorial, and judicial immunity and failure to state a claim); and Puckett v. Lodge, et al., CV-01-95-S-BLW (prosecutorial and judicial immunity). Because the Court has expended considerable judicial resources

**MEMORANDUM DECISION AND ORDER - 3**

in the past explaining to Plaintiff the futility of bringing actions against judges and prosecutors, the Court's comments here will be somewhat abbreviated.

## II.

## STANDARDS OF LAW

### A.    Motions to Dismiss

The State Defendants and Minidoka County Defendants seek dismissal of Plaintiff's entire complaint.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).  However, the Ninth Circuit has indicated that "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *See Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).

### B.    42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must show the existence of four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state

**MEMORANDUM DECISION AND ORDER - 4**

law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"   *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

### III.

### STATE DEFENDANTS' MOTION TO DISMISS

The State Defendants seek to dismiss the Complaint on the grounds that it fails (1) to comply with the Rule 8 standards of pleading, and (2) to state a claim upon which relief can be granted.  Furthermore, these Defendants reserved the right to assert various defenses should the Court allow Plaintiff to amend his Complaint; namely, judicial, prosecutorial, and qualified immunity; lack of subject matter jurisdiction; and abstention.

### A.     Failure to Comply with Rule 8 Pleading Requirements

The Federal Rules of Civil Procedure do not require that a party file a detailed complaint setting forth the grounds upon which he seeks relief.  Quite the contrary, they only require what is referred to as "notice pleading" consisting of:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although Plaintiff's Complaint contains a demand for judgment of $12,000,000, it does not contain a jurisdictional statement or a statement of the claim.  The Court

**MEMORANDUM DECISION AND ORDER - 5**

assumes that Plaintiff is attempting to state a cause of action under the civil rights statute simply because of Plaintiff's allegations that the Defendants violated his civil rights "for a long time" and "from 1997 through 2005." *Complaint*, pp. 2 and 3 (Docket No. 1). However, Plaintiff makes those vague and conclusory allegations without identifying any specific conduct on the part of any of the Defendants beyond generally mentioning certain Idaho statutes. Plaintiff has clearly failed to comply with Rule 8(a).

   **B.**  **Failure to State a Claim - 42 U.S.C. § 1983**

  As stated above, a party must allege a violation of a constitutional or federal statutory right by a person acting under color of state law. More specifically, a complaint must allege the following: (1) factual allegations showing that a constitutional right has been violated; (2) the names of the person or persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (3) the dates on which the conduct of each Defendant allegedly took place, and (4) the specific conduct or action Plaintiff alleges is unconstitutional. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

  Even liberally construing Plaintiff's Complaint and viewing the limited facts as true, the Court cannot determine any basis for his claim. He has not alleged what constitutional or federal statutory right has been violated, the dates on which the conduct

**MEMORANDUM DECISION AND ORDER - 6**

of each Defendant allegedly took place, or the specific conduct or action that he alleges is unconstitutional. Accordingly, Plaintiff has failed to state a claim against the State Defendants.

## IV.

## MINIDOKA COUNTY DEFENDANTS' MOTION TO DISMISS

The Minidoka County Defendants moved to dismiss on the grounds of failure to state a claim and prosecutorial immunity. Like the State Defendants, they also allege that Plaintiff's Complaint is totally lacking in specificity regarding the factual basis of his claim and that he has failed to comply with Fed. R. Civ. P. 8(a).

Plaintiff's Complaint identifies the Minidoka County Defendants as prosecuting attorneys. The Complaint also refers to Idaho statutes pertaining to offering forged or fraudulent documents into evidence and preparing false evidence. The Court assumes that Plaintiff is alleging that the prosecutors engaged in misconduct during a criminal judicial proceeding against him. Any actions taken by a prosecutor are protected by absolute prosecutorial immunity where the alleged conduct occurred in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409 (1976) (finding absolute immunity applies to prosecutors in actions brought under 42 U.S.C. § 1983). Prosecutors are not immune if they fabricate evidence or acquire known false evidence. *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001). However, Plaintiff has failed to identify any fabricated or false evidence. Accordingly, Plaintiff has failed to state a cause of action against the Minidoka County Defendants.

**MEMORANDUM DECISION AND ORDER - 7**

V.

**AMENDMENT OF COMPLAINT**

As stated above, the Court must grant a litigant leave to amend prior to dismissing a complaint for failure to state a claim unless it is clear that the complaint could not be remedied by amendment. In reviewing the various pleadings filed apparently in response to the Motions to Dismiss, the Court concludes that amendment would be futile. Plaintiff's Brief in Support of Complaint (Docket No. 9) and Request for Admission of Facts and Genuineness of Documents (Docket No. 10) indicate that Plaintiff's claim is somehow related to the difficulties he encountered in reinstating his Idaho driver's license following suspension of his license and imposition of fines in various other states. Plaintiff has previously unsuccessfully attempted to raise some of these issues in other litigation brought before this Court. *See* District of Idaho Case No. CV-00-426-E-BLW.

The Court will not review the various implied allegations contained in Plaintiff's Brief and Request for Admissions. None of the allegations, to the extent that they are decipherable, arise to the level of a civil rights violation. Even if they did, Defendants Bollar, Ingram, Hart, and Melanson would be protected by judicial immunity for actions taken while presiding in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349 (1978). As stated above, any actions taken by Defendant Bollar while he was a prosecutor as well as by Defendants Cannon and Goodman would be protected by absolute prosecutorial immunity absent fabrication of evidence or acquisition of known

**MEMORANDUM DECISION AND ORDER - 8**

false evidence. However, it is highly unlikely, based on a review of his filings, that Plaintiff could state a sustainable cause of action on that theory.

In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an individual's clearly-established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant Pemble would likely have good-faith qualified immunity for actions taken in his capacity of Driver's Services Manager of the Idaho Department of Transportation. Likewise, Defendant Lyon, the former Idaho Supreme Court Clerk, would likely be entitled to either quasi-judicial or good-faith qualified immunity.

Finally, to the extent that Plaintiff is attempting to challenge adverse state court decisions, his claim is dismissible. A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). Accordingly, for all of these reasons, the Court finds that it would be futile to allow amendment of the Complaint.

**MEMORANDUM DECISION AND ORDER - 9**

## VI.

## CONCLUSION

Plaintiff has failed to state a cause of action against any of the Defendants in this case. The Court finds that Plaintiff's action is groundless and without foundation. Because several of Plaintiff's other actions have been dismissed in the past on similar grounds, the Court finds that this action is frivolous. Furthermore, the Court finds that the Complaint cannot be remedied by amendment.

## VII.

## ATTORNEY FEES

The State Defendants and Minidoka County Defendants have requested attorney fees and costs as part of their Motions to Dismiss.

In relevant part, 42 U.S.C. § 1988(b) provides that:

> In any action or proceeding to enforce [civil rights provisions] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

A defendant may recover attorney fees under § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation." *Christianburg Garment Co., v. EEOC*, 434 U.S. 412, 421 (1978). This is so "even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The Court recognizes Plaintiff's litigious history with this Court. However, the Court agrees with Judge Ripple of the Seventh Circuit that "[i]n dealing with a pro se litigant, the line between bad faith and mere ineptitude is often difficult to ascertain."

**MEMORANDUM DECISION AND ORDER - 10**

*Bacon v. American Federation of State, County, and Municipal Employees Council, #13*, 795 F.2d 33, 35 (7th Cir. 1986) (Ripple, C.J., concurring in part and dissenting in part). Judge Ripple uses the term "ineptitude," not in a derogatory way, but to indicate that a layperson is often without the legal training needed to distinguish whether a claim should be brought.

In exercising its discretion under § 1988, the Court declines to award attorney fees to Defendants in this case. The Court can only surmise that Plaintiff's frustration resulting from his dealings with the State judicial system and Department of Transportation has overwhelmed his ability to comprehend the legal theories previously explained to him. Furthermore, this matter has been resolved with relatively little difficulty on the part of the Defendants.

## VIII.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. The Motion to Dismiss of Defendants Rick L. Bollar, Mark A. Ingram, William J. Hart, John M. Melanson, Edward R. Pemble, and Frederick C. Lyon (State Defendants) (Docket No. 3) is GRANTED in its entirety with prejudice.

2. The Motion to Dismiss of Defendants Nicole Cannon and Alan Goodman (Minidoka Defendants) (Docket No. 12) is GRANTED in its entirety with prejudice.

3. Plaintiff's Motion for General Denial of Counterclaim (Docket No. 6), Motion to Disqualify Judge (Docket No. 7), Motion for Request for Admission of Facts and

**MEMORANDUM DECISION AND ORDER - 11**

Genuineness of Documents (Docket No. 10), Motion of Disqualified Officer (Docket No. 11), Motion for Hearing (Docket No. 14), Motion for Leave to File Amended Complaint, Motion for Leave to File Amended Complaint (Docket No. 17) are DENIED.

    4.  Plaintiff's Motion for Summary Judgment (Docket No. 18) is MOOT.



DATED:  **November 30, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**